# In the United States Court of Federal Claims

No. 17-2034C
(Filed: August 27, 2018)

* * * * * * * * * * * * * * * * * * * * * * * * * *

MITCHELL T. TAEBEL,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion is granted.

### Background[1]

Plaintiff pro se Mitchell T. Taebel, a resident of Arizona, alleges that on May 30, 2017, he was assaulted by a police officer with the Las Vegas Metropolitan Police Department after Plaintiff invoked his Fifth Amendment right to remain silent. Compl. 1. Plaintiff was detained by the Las Vegas Police Department and was undergoing classification as part of the Department's booking procedures when a disagreement arose between Plaintiff and the classification officer. Compl. Ex. B, at 9. Plaintiff requested an attorney and invoked his Fifth Amendment right to remain silent. Id. 1, Ex. B, at 9-10. The officers repeatedly told Plaintiff that his Fifth Amendment privilege and right to an attorney were not relevant at this stage of the booking procedure, but Plaintiff continued to invoke these rights, thereby stalling the booking procedure. Id. Ex. B, at 10.

Plaintiff was then asked by another officer to move to the back of the open booking area, but he did not follow the officer's instructions and instead argued with the officer about having to move. Id. Ex. B, at 11-12. As a result of Plaintiff's continuing lack of cooperation, the officer

---

[1] This background is derived from Plaintiff's complaint and its attachments.

decided to move him to a side cell "for a cooling off period." Id. Ex. B, at 13. Under department procedure, a person being moved to the side cell is placed in handcuffs. The officer testified during Plaintiff's preliminary hearing that as he was placing Plaintiff in handcuffs, Plaintiff attempted to strike the officer, and did in fact make contact, leaving two deep scratches on the back of the officer's neck. Id. Ex. B, at 14-16.

Plaintiff alleges assault by the Las Vegas police officer and claims that a false police report was filed against him and that false testimony was made against him at his preliminary hearing in the Justice Court of Las Vegas Township. Compl. 1. Plaintiff seeks "relief from the prosecution" and $1,000,000,000 in damages. Id. at 2.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Plaintiff names as defendants the Governor of Nevada, Brian Sandoval, and the Attorney General of Nevada, Adam P. Laxalt. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiff alleges claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims.

Plaintiff alleges violations of 18 U.S.C. §§ 241 and 242, as well as assault by a Las Vegas police officer. However, this Court lacks jurisdiction over criminal matters. Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994). To the extent that Plaintiff contests his criminal conviction, this Court does not have jurisdiction over challenges to "indictments, arrests, prosecutions, convictions, imprisonment, or parole . . . ," nor does it have jurisdiction to review decisions rendered by state courts. D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983); Schweitzer v. United States, 82 Fed. Cl. 592, 596 (2008); Landers v. United States, 39 Fed. Cl. 297, 301 (1997). Nor does this Court have jurisdiction over claims sounding in tort. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Plaintiff also alleges violation of the Article III, Section 2 of the Constitution, however this Court lacks jurisdiction over this claim, as this provision is not money-mandating. Gibson v. United States, 121 Fed. Cl. 215, 217 (2015).

On May 17, 2018, Plaintiff filed a motion to transfer his case to the United States District Court for the District of Nevada.

Section 1631 of Title 28 states:

Whenever a civil action is filed in a court as defined in section 610 of this title [28 USC § 610] or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (2012).

If this Court determines that it lacks jurisdiction, and that Plaintiff's claims are non-frivolous and should be decided on the merits, it must transfer the case to a court where the action could have been brought if the transfer "is in the interest of justice." Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005); Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987). "A decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)). Transfer is not appropriate here as Plaintiff has not alleged any conduct on the part of the United States or its officers, and this action could not have been brought in the potential transferee court, the United States District Court for the District of Nevada. See Johnson v. United States, 105 Fed. Cl. 85, 96 (2012).

### Conclusion

Defendant's motion to dismiss is **GRANTED**.  Plaintiff's motion to transfer is **DENIED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**